IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Rondevoo Technologies, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**ZTE (USA) Inc.,**<br><br>Defendant. | Case No. 1:18-cv-06212<br><br>Patent Case<br><br>Jury Trial Demanded |

### JOINT REPORT OF THE PARTIES' PLANNING MEETING

1. The following persons participated in a Rule 26(f) conference on October 18, 2018 by telephone:

   Kenneth Matuszewski, representing the Plaintiff
   Keana Taylor, representing the Defendant.

2. **Initial Disclosures.** The parties will serve initial disclosures as required by Rule 26(a)(1) on or before December 21, 2018.

3. **Disclosures and Discovery Pursuant to Local Patent Rules.** The parties acknowledge that the requirements of the Local Patent Rules apply to this case.

4. **Additional Discovery Plan.** The parties propose the following in addition to the discovery plan and schedules addressed in the Local Patent Rules:

(a) The parties agree that the maximum number of interrogatories will be 25 per side, and the answers will be due 30 days after being served with the interrogatories.

(b) The parties agree that the maximum number of requests for production will be 25 per side, and the answers will be due 30 days after being served with the interrogatories.

The Parties agree that nothing in this section prohibits a party or non-party from objecting to or moving to quash or modify any particular discovery request or subpoena it receives, or from seeking a protective order from the Court, on any appropriate ground. In

addition, for good cause shown, any party may seek relief from the Court from the limitations set forth under this Section.

(c) **Plaintiff's Proposal:** The maximum number of factual depositions will be 7 per side and broken down as follows: 1) Expert depositions: 3 depositions; 2) Inventor depositions: 1 deposition; 3) Fact witnesses: 3 depositions.

**Defendant's Proposal:** The maximum number of expert and fact depositions currently contemplated by the parties is approximately 7 per side, exclusive of third party depositions, broken down as follows:
   1)   Expert depositions: 1 deposition per expert and per expert report. The parties currently estimate 3 expert depositions per side (1 invalidity expert, 1 damages expert, and 1 noninfringement expert). Thus, if an expert submits an opening expert report and subsequently submits a rebuttal expert report, that expert may be deposed twice.
   2)   Inventor depositions: 1 deposition (1 named inventor);
   3)   30(b)(6) fact witnesses of the parties: up to 3 depositions; and
   4)   Third Party witnesses: unlimited

The Parties agree that nothing in this section prohibits a party or non-party from objecting to or moving to quash or modify any particular deposition notice or subpoena it receives, or from seeking a protective order from the Court, on any appropriate ground. In addition, for good cause shown, any party may seek relief from the Court from the limitations set forth under this Section.

(d) **Plaintiff's Proposal:** Maximum length of factual depositions will be broken down as follows: 1) Expert depositions, 6 hours each, 18 hours total; 2) Inventor depositions, 1 total and for 3 hours total; 3) Fact witnesses: 3 hours each, for a total of 9 hours. Maximum total length will be 30 hours.

(e) **Defendant's Proposal:** The maximum length of expert and fact depositions currently contemplated by the parties is broken down as follows:
   1) Expert depositions: Each expert witness shall not be deposed for more than 7 hours per day absent agreement by the parties and the witnesses. Expert depositions will be presumptively limited to 7 hours per witness per report. To the extent an expert report on liability is voluminous in subject matter, the parties shall meet and confer to determine whether more than one day of deposition is appropriate.
   2) Inventor depositions: A maximum of 10 hours of deposition time for the single named inventor. The 10 hours must be split on consecutive days, if practicable, unless the witness's schedule requires non-consecutive days.
   3) 30(b)(6) fact witnesses: A maximum of seven hours per witness.
   4) Third Party witnesses: unlimited hours. Defendant currently contemplates deposing at least potential prior art witnesses and the prosecuting attorney(s) for the patent-in-suit. Each deposition shall be limited to seven hours per day and ten hours per witness.

(e) Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

**5. Other Dates:**
(a) The deadline for supplementations will be due by:
(b) The date the parties will ask to meet with the court before the scheduling order will be: Plaintiff's Proposal: November 13, 2018

Defendant's Proposal: Defendant does not believe that it is necessary to meet with the Court before the Court's entry of a scheduling order.

[Alternative language]: Defendant believes November 6, 2018, the date currently set by the Court (Dkt. No. 17), is the best date to meet with the Court prior to its entry of the scheduling order for this case.

(c) Requested dates for pretrial conferences include: September 18, 2019; December 10, 2019; November 19, 2020
(d) Final dates for the plaintiff to amend the pleadings or join parties: March 19, 2020
(e) Final dates for the defendant to amend the pleadings or join parties: April 3, 2020
(f) Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists: October 29, 2020
(g) Final dates to file objections under Rule 26(a)(3): November 12, 2020

**7. Other Items:**
(a) Currently, there are no prospects for settling the case.
(b) There are no alternative dispute resolutions that may enhance settlement prospects.
(c) Anything shown or told to a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, is subject to discovery by the opposing party. (d) The parties agree that drafts of expert reports [will/will not] be retained and produced; [Plaintiff agrees that drafts will be retained and produced]

Defendant does not believe that drafts of expert reports should be retained, produced, or otherwise subject to discovery by the opposing party. Fed. R. Civ. P. 26(b)(4)(C) will apply to expert discovery in this action. Discovery of expert materials shall be limited to final expert reports and materials considered in connection with those reports; and communications with counsel, draft reports, and draft declarations or affidavits shall not be discoverable.

(e) In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response and limiting the response to that definition.

(f) The parties [agree/do not agree] the video "An Introduction to the Patent System" distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions. [Plaintiff agrees to show the video to the Jurors]

Defendant does not currently agree to show the video to the Jurors but is willing to revisit this issue on or before the deadline for the parties' submissions of their final jury instructions.

Dated: 10/24/2018                    Respectfully submitted,


                                     /s/ Kenneth Matuszewski
                                     Counsel for Plaintiff

                                     KENNETH MATUSZEWSKI
                                     ISAAC RABICOFF
                                     RABICOFF LAW LLC
                                     73 W MONROE ST
                                     CHICAGO, IL 60603
                                     (708) 870-5803
                                     kenneth@rabilaw.com
                                     isaac@rabilaw.com

                                     /s/ Everett Upshaw
                                     Counsel for Defendant

                                     EVERETT UPSHAW
                                     UPSHAW PLLC
                                     1204 GANO ST
                                     DALLAS, TX 75215
                                     (972) 920-8000
                                     everettupshaw@upshawpllc.com

                                     JAMES RAY WOOD
                                     ZTE USA, INC.
                                     2425 N CENTRAL EXPRESSWAY
                                     RICHARDSON, TX 75080
                                     (972) 765-4081
                                     ray.wood@outlook.com

                                     CRAIG L. UHRICH
                                     UHRICH LAW FIRM, PA
                                     222 CENTER AVENUE
                                     OAKLEY, KS 67748
                                     (785) 671-1237

craig.uhrich@gmail.com